**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

August 3, 2018

Mr. Andrew Grubin
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Richard W. Johnson (18-CR-386)(DLI)

Dear Mr. Grubin:

Please accept this letter *in lieu* of a formal motion for discovery. In accordance with Federal Rule of Criminal Procedure 16, we write to acknowledge the discovery afforded thus far, and to request additional discoverable material. Please let me know if our understanding of the material we have received thus far conflicts with the government's understanding in any way.

1. Documents

To date we have not received any discovery in this case.

We request unredacted copies of any pages or portions of any reports that we have not yet received. In the alternative, please provide a written summary of any redacted content so that I may evaluate whether a request for an *in camera* inspection of these documents would be appropriate. We further request a copy of any other law enforcement reports, witness statements, or other documents that we have not yet received that are in the government's possession, or which become available to the government, relating to the above-captioned case.

To the extent that any of these documents are not discoverable because they are statements made by prospective government witnesses, pursuant to Rule 16(a)(2), I request that these documents be provided if, and when, it is determined that the author or witness is not going to be a government witness.

2. Prior Record

1

We have not received a copy of Mr. Johnson's criminal history. If the government learns of any criminal contacts, including youthful offender adjudications and/or juvenile offender adjudications or juvenile criminal contacts, not contained in the government's criminal history printout, that it will seek to use against Richard Johnson for any purpose in the above-captioned case pursuant to Rule 16(a)(D), please inform us before Johnson so that we may file the appropriate motions. If we have not heard from the government as to any additional criminal contacts that it intends to use against Mr. Johnson by Johnson, we will assume that the government does not intend to introduce any specific prior criminal contacts against Richard Johnson and we will rely on that understanding as we prepare for trial.

    3. Radio Communications

I request a copy of all 911 calls, radio runs, lookouts, and all other radio and cellular communications relating to this case. I request that I be permitted to not only listen to any existing recorded communications prior to trial, but also make a copy of the recorded communications I listen to. Until I have had the chance to listen to, and make a recorded copy of any such communications, I ask that they be preserved.

    4. Statements

Pursuant to Rules 16(a)(1)(A) and 16(a)(1)(B), we request any statements made by Richard Johnson whether written down or not. Please disclose to us and make available for inspecting, copying, or photographing, the following: any relevant statements made by Mr. Johnson within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government or any law enforcement officer participating in this case; the portion of any written record containing the substance of any relevant oral statement made by him, whether before or after arrest, in response to interrogation by any person then known to Richard Johnson to be a government agent; and any testimony of Richard Johnson before a grand jury which relates to the offense charged in the above-captioned case. We also request that the government disclose the substance of any other oral statement made, whether before or after arrest, by Richard Johnson in response to interrogation by any person then known to him to be a government agent, if the government intends to use that statement at trial.

Please disclose by Johnson the substance and details of any statements made by Richard Johnson of which the government intends to use at any fact-finding hearing including: where the statements were made; to whom the statements were made; when the statements were made; and the context of the conversation or interview in which these statements were allegedly made. If I have not heard from the government by Richard Johnson I will assume that there are no other oral statements made by Mr. Johnson that the government will seek to use at a fact-finding hearing and we will rely on that understanding as we prepare for trial.

Please produce the substance of all statements and expressive conduct of Richard Johnson in response to all <u>Miranda</u> warnings, as well as all statements or questions concerning Fifth or Sixth Amendment rights. <u>See</u> <u>Wood v. Ercole,</u> 644 F.3d 83 (2d Cir. 2011) ("I think I should get a lawyer" sufficient to invoke the Fifth Amendment); <u>United States v. McElroy,</u> 697

F.2d 459 (2d Cir. 1982). This includes both oral and written Miranda warnings and any form signed or refused by Richard Johnson.

Additionally, we request the production of any memorializations of the statements attributed to Richard Johnson, including but not limited to, any transcription of a videotape, any other audio or video recordings, and/or agent's papering notes. If we have not heard from the government by August 29, 2018, we will assume there are no statements or memorializations of statements made by Mr. Johnson and will rely on that understanding as we prepare for trial.

5. <u>Tangible Evidence</u>

Pursuant to Rule 16(a)(1)(E), we request the production of both documents and tangible objects. We request permission to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are in the possession, custody, or control of the government, and which are material to the preparation of Mr. Johnson's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to Richard Johnson. Please note that the term "material" applies equally to evidence that is inculpatory as well as that which is exculpatory to Mr. Johnson. Pursuant to Rule 16(a)(1)(C), if any of these objects exist, please inform me by August 29, 2018 so that we can make arrangements to view and copy or photograph the objects.

Apart from these items, if we have not heard from the government by August 29, 2018 we will assume there is no other tangible evidence in the government's possession and I will rely on that understanding as we prepare for trial.

6. <u>Identification Procedure</u>

Please provide me with any material relating to any identification procedure that may have been performed in this case. If I have not heard from the government by August 29, 2018. This includes identification procedures that did not produce positive identifications and identification procedures conducted of suspects other than Mr. Johnson.

7. <u>Scientific Tests</u>

To date, we have not received any notice of such examinations or tests. Please provide me with any copies and/or reports of any scientific tests by August 29, 2018 or a written summary of any scientific tests the government is expecting so that I may file the appropriate pre-trial motions as well as consult experts to interpret the results of any scientific tests. If scientific tests are not yet available, please inform of us of any outstanding or anticipated scientific tests the government expects to introduce in its case-in-chief as well as an estimate of when it expects the results of these tests to be available. If I have not heard from the government by August 29, 2018. I will assume that there were no examinations or tests conducted in the above-captioned case and I will rely on that understanding as I prepare for trial.

8. Experts

Pursuant to Rule 16(a)(1)(g), I request that I be provided with a written summary of expert testimony that the government intends to use during its case in chief at trial. Please inform me of any expert that the government intends to call at trial. I request that a summary describing any such expert's opinions, the bases and the reasons therefore, and the witness's qualifications be provided to me by August 29, 2018.

9. Evidence of Uncharged Crimes, Wrongs, or Other Misconduct

The government has not indicated that it intends to elicit any information related to any crimes, wrongs, or other acts that occurred before April 23, 2018 related to Richard Johnson. If the government plans to introduce any specific evidence of past crimes, wrongs, or other acts relating to Mr. Johnson, please inform me by August 29, 2018 so that we may file the appropriate pre-trial motions. If we have not heard from the government by August 29, 2018 we will assume there is no evidence of prior crimes, wrongs, or other acts that will be used against Mr. Johnson at trial and we will rely on that understanding as we prepare for trial.

10. Excited Utterances and Present Sense Impressions

We request notice regarding any excited utterances or present sense impressions the government will be seeking to introduce at trial. Because Crawford v. Washington, 541 U.S. 36 (2004), invalidated much of the existing case law with respect to these exceptions to the general rule against admitting hearsay, I request 15 days advance notice of the government's intention to introduce any such statements. Moreover, this letter serves as an objection to any and all hearsay violating the contours of the holding of Crawford, in particular with respect to excited utterances and present sense impressions. See also Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009) (forensic evidence is not an exception to the Crawford rule).

11. *Brady* Request

Under the doctrine announced in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), I am making a general request for all exculpatory information. This request includes all information known to the government, or by the exercise of due diligence may become known, which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This request extends to all information known by all law enforcement or other government agencies involved in this case whether or not personally known to the individual Assistant U.S. Attorney assigned to the case. This request also includes all information indicating, in whole or in part, that Richard Johnson was not involved in or did not have knowledge of the alleged offense, and/or that any of the requisite elements required to prove any of the charged offenses cannot be met. Additionally, this request includes all information that calls into question the accuracy, credibility, and bias of the government's sources or witnesses. See e.g., Smith v. Cain, 132 S. Ct. 627 (2012); Kyles v. Whitley, 541 U.S. 419 (1995).

4

We are entitled to this material in advance of trial so that we can effectively prepare a defense. In addition, we cannot advise my client about a potential plea offer until we can discuss with him all exculpatory information to which I am entitled.

We also make the following specific Brady requests:

A. All prior convictions and juvenile adjudications of all government witnesses.

B. All information in the possession of the government indicating that (a) any government witness has had a pending juvenile or criminal case on or since the date of the offense in this case; (b) any government witness was arrested, pled guilty, had a trial, or was sentenced on or since the date of the offense in this present case; (c) any government witness was on juvenile or criminal parole or probation on or since the date of the offense; and (d) any government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action. With respect to this information I request docket numbers, dates, and jurisdictions for all such cases. Davis v. Alaska, 415 U.S. 508 (1974).

C. Any prior inconsistent statements, non-corroborative statements, or other witness statements that the witness's trial testimony will not reflect. See United States v. Enright, 579 F. 2d 980, 989 (6th Cir. 1978). This request includes all rough notes, including notes of both prosecutors and agents. I ask that the government immediately ensure that all notes and recordings are preserved. This request also includes the recording, in any form, of all communications between the government and law enforcement regarding the witness's testimony.

D. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substances, or has ever abused or become addicted to alcohol. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980).

E. All information that any government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of observations about which the witness will testify and/or the informant informed, or that the witness's/informant's faculties of observation were impaired in any way.

F. All information indicating that any government witness has been or is, at any point from the time of the offense through the day of trial, a government informant. See United States v. Bagley, 195 S. Ct. 3375 (1985). If any witness is, or has been, an informant, I request disclosure of:

(i) the length and extent of the witness's informant status;

(ii) the amount of compensation that has been paid to the informant in connection with this case;

(iii) any non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant at the time of the offense through the day of trial;

(iv) all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case. "Benefit" refers to any monetary compensation, assistance of the prosecution, or the court, concerning pending charges against the informant, or any other sort of consideration;

(v) the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.

G. All deals, benefits, or promises of benefits, threats, or statements that the benefit would not be provided without cooperation, that were made to any government witness in connection with this case. See Giglio v. United States, 405 U.S. 150 (1972). "Benefit" is defined in point (d) above, supra.

H. Any information that tends to indicate a government witness's dubious conduct including anything in a police officer's personnel file indicative of dubious behavior.

I. Perjury, or any finding of a lack of credibility or veracity, by any government witness at any time, whether or not adjudicated and whether or not in connection with a specific case.

J. Any information regarding any prior "bad act" of a government witness that may bear upon the veracity of the witness. This includes, but is not limited to, any information that the complainant was engaged in illegal activity immediately prior to the alleged offense in the above-captioned case.

K. All information that any government witness has made prior false accusations, including but not limited to, prior complaints to the police or enforcement agencies that did not result in a conviction.

L. Any other information tending to show a government witness's bias in favor of the government or against the defendant, or that otherwise impeaches a witness's testimony, including pending and closed C.C.R.B. or equivalent complaints/cases, which involved facts similar to those in this case, whether resolved for or against the officer. See generally Brinson v. Walker, 547 F.3d 387, 393 (2d Cir. 2008)("the accused must be given a broad opportunity to cross-examine adverse witnesses for bias.")

M. The names and addresses of all persons who would contradict or impeach any government testimony or other evidence.

N. Any failure by any witness at any point in the interviewing or debriefing process to provide the police or the government with information testified to at trial.

O. Any indication of threats or acts of aggression toward Richard Johnson by arresting officers or undercover officers.

P. With respect to identifications, I request the names and addresses of anypersons who:

> (i) are government informants, cooperating witnesses, or other percipient witnesses unknown to the defendant. <u>Roviaro v. United States,</u> 353 U.S. 53 (1957); <u>United States v. Wilkins,</u> 326 F.2d 135 (2d Cir. 1964). This request includes, without limitation: [information relating to third-party culpability or other case specific info];

> (ii) identified some person other than Richard Johnson as involved in the alleged offense. I also request the name and address of the party that was identified. <u>See</u> <u>Cannon v. Alabama,</u> 558 F.2d 1211 (5th Cir. 1977), <u>cert.denied,</u> 434 U.S. 1087 (1978); <u>Grant v. Alldredge,</u> 498 F. 2d 376 (2nd Cir. 1974);

> (iii) failed to identify Richard Johnson as a perpetrator of the alleged offenses when asked to do so in any identification procedure. <u>See</u> <u>United States ex rel. Meers v.</u> Wilkins, 326 F.2d 135 (2d Cir. 1964); <u>Gibson v. United States,</u> 566 A.2d 473 (D.C. 1989);

> (iv) gave any description(s) of the perpetrator of the alleged offense whichin some material respect (e.g. height, weight, clothing, race, complexion,age) differs from Richard Johnson. <u>See Frezzell v. United States,</u> 380 A.2d 1382, 1385 (D.C. 1972), <u>cert. denied,</u> 438 U.S. 931 (1978); <u>See</u> also <u>Jackson v. Wainwright,</u> 390 F.2d 288 (5th Cir. 1968).

Q. Any evidence that any witness gave a version of events relating to this matter that differed from any other version of events given by the same witness. This includes inconsistent statements by the cooperating witness as well as all other potential government witnesses.

In addition to the above-listed requests, pursuant to the ABA <u>Standards for Criminal Justice</u>, 11-2.2 (Discovery and Procedure Before Trial), we request early disclosure of all <u>Jencks</u>/3500 material. We are making this request so that we will have adequate time to review the material, consider any discovery or <u>Brady</u> ramifications, resolve any issues involving disclosure in advance of trial, prevent any delay in court proceedings, and prepare to use the material in cross-examination. We also request that you diligently preserve all Jencks/3500 material.

For the purposes of this letter and any related litigation, "information" refers to all documentary, tangible, or oral material, including, but no limited to, statements by witnesses, whether recorded or otherwise memorialized or not, grand jury testimony, and reports of investigation or personal notes of investigators or government employees, including prosecutors.

7

Such information is "known" to the government if known to you personally or known to any other prosecutor or law enforcement agent, which you could acquire actual knowledge of through the exercise of due diligence in responding to these inquires. If such information is disclosed to you, please disclose all supporting documents or objects as well as the names and addresses of all witnesses having knowledge of the information disclosed. If you elect not to disclose exculpatory information concerning the requests made herein until the day of trial, then please secure the presence of witnesses having such knowledge by subpoena so that delay will not be necessitated between the time of your disclosure and the time I seek to use or explore the ramifications of that information.  Finally, the duty to disclose is a continuing one, stretching until the final disposition of this case.

       It is our belief that the requested material is discoverable under the Federal Rules of Criminal Procedure and/or under pertinent case law. In the event that you are unable or unwilling to provide the requested information, or if you disagree with any of the foregoing representations, please advise me by February 28, 2017 so that we may respond appropriately. If we have not heard from you by the date above, we will assume that our representations are accurate and we will rely on my representations in preparing for trial and file motions accordingly.

Sincerely,

/S/Len Hong Kamdang

_____

Len Hong Kamdang
Attorney for Richard Johnson
Federal Defenders of New York, Inc
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718)407-7414