

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ADG
F. #2018R01030

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 18, 2018

By Hand Delivery and ECF

Leticia Olivera, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Leticia_olivera@fd.org

        Re:    United States v. Richard Johnson
                 Criminal Docket No. 18-386 (DLI)

Dear Ms. Olivera:

        Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes discovery with respect to the above-referenced matter. This disclosure supplements the government's earlier disclosures on August 28, 2018. The government also renews its request for reciprocal discovery from the defendant.

I.       The Government's Discovery

        A.       Statements of the Defendant

        Enclosed please find:

- Audio files and related records from the Federal Bureau of Prisons, including recorded telephone calls of the defendant, Bates-numbered RWJ_000202;

- Copies of still images from bank surveillance with the defendant's signature beneath each image, Bates-numbered RWJ_000252-RWJ_000255; and

- Redacted copies of records from the New York City Police Department ("NYPD"), some of which contain statements of the defendant, Bates-

numbered RWJ_000297-RWJ_000531. For example, an NYPD report contains statements of the defendant from May 18, 2018, Bates-numbered RWJ_000505-RWJ_000506.

B. <u>Documents and Tangible Objects</u>

Enclosed please find:

- Copies of still images from bank surveillance, dated May 18, 2018, Bates-numbered RWJ_000203;

- Redacted copies of photo arrays in which the defendant was identified as the individual who robbed the banks at 4 Metrotech Center, 80 Jamaica Avenue, 184-01 Hillside Avenue and 12 Graham Avenue, Bates-numbered RWJ_000204-RWJ_000251;

- Redacted copies of NYPD radio runs, Bates-numbered RWJ_000256-RWJ_000291;

- Copy of demand note left at M&T bank and accompanying report, Bates-numbered RWJ_000292-RWJ_000293; and

- Redacted copies of NYPD reports pertaining to identification procedures, wanted posters, witness interviews and other investigative steps, Bates-numbered RWJ_000297-RWJ_000531.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

C. <u>Reports of Examinations and Tests</u>

Enclosed please find:

- Redacted copies of lab reports pertaining to fingerprint analysis, Bates-numbered RWJ_000294-RWJ_000296; and

- Redacted copies of NYPD reports, some of which describe identification procedures pertaining to fingerprints and DNA, Bates-numbered RWJ_000297-RWJ_000531. For example, an NYPD General Investigation report indicates that no prints were recovered from the Chase Bank located at 20 Flatbush Avenue, Bates-Numbered RWJ_000301.

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

  D.  <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

  E.  <u>Brady Material</u>

Enclosed please find:

- Redacted copy of lab report pertaining to analysis of fingerprint lifted from demand note left at the Citi Bank, 80 Jamaica Avenue, robbery, Bates-numbered RWJ_000294-RWJ_000296. The fingerprint belonged to the security guard working at the bank at the time of the robbery.

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

  F.  <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  <u>The Defendant's Required Disclosures</u>

The government hereby renews its request for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order

to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby requests written notice, to be served within 14 days of this demand, if the defendant intends to offer an alibi defense. The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names, addresses and telephone numbers of each witness upon whom the defendant intends to rely to establish such alibi. The offenses took place at the location and dates specified in the Indictment.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer,"

as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                      Very truly yours,

                                      RICHARD P. DONOGHUE
                                      United States Attorney

By:    <u>/s/ Andrew D. Grubin</u>
        Andrew D. Grubin
        Special Assistant U.S. Attorney
        (718) 254-6224

Enclosures

cc:    Clerk of the Court (DLI) (by ECF) (without enclosures)